UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL MOSELEY,<br><br>                Plaintiff,<br><br>    v.<br><br>CITIMORTGAGE, INC.,<br><br>                Defendant. | CASE NO. 3:14-cv-05802-RJB<br><br>ORDER:<br><br>(1) GRANTING DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS AND<br><br>(2) DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION TO DENY DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS |

      This matter comes before the Court on defendant's Motion to Dismiss (Dkt. 23) and on plaintiff's "Motion to Strike [Defendant's] False Statements Contained in Its Motion to Dismiss Pursuant Fed. R. Civ. P. Rule 12 (f) and Deny [Defendant's] Motion to Dismiss" (Dkt. 24). The Court has considered the pleadings filed in support of, and in opposition to, the motions and the file herein.

//

//

ORDER ON PARTIES' MOTIONS - 1

| | |
|---|---|
| 1 | <u>PROCEDURAL HISTORY</u> |
| 2 | Proceeding on his second amended complaint for "Satisfaction of CitiMortgage Lien that |
| 3 | Encumbers Personal Real Property," plaintiff seeks to have the Court discharge his debt to |
| 4 | defendant because defendant refused to accept plaintiff's payment. Dkt. 15. In addition, plaintiff |
| 5 | alleges claims under the Federal Debt Collection Practices ("FDCPA") and the Fair Credit |
| 6 | Reporting ("FCRA") acts. *Id*. |
| 7 | On January 15, 2015, defendant filed a motion to dismiss plaintiff's action for failure to |
| 8 | state any claim. Dkt. 23. |
| 9 | On January 28, 2015, plaintiff filed a motion to strike defendant's allegedly false |
| 10 | statements contained in defendant's motion to dismiss and to deny defendant's motion to |
| 11 | dismiss. Dkt. 24. In addition, on February 6, 2015, plaintiff filed a response to defendant's |
| 12 | motion to dismiss. Dkt. 27. |
| 13 | On February 13, 2015, defendant filed a reply. |
| 14 | <u>RELEVANT FACTS</u> |
| 15 | On March 2, 2008, plaintiff borrowed $262,500.00 from, and executed a promissory note |
| 16 | for the same payable to, CitiMortgage, Inc. ("CitiMortgage"). Dkt. 15, at 10-34. The note was |
| 17 | secured by a Deed of Trust ("DOT"), identifying CitiMortgage as the Lender and plaintiff and |
| 18 | his wife as the Borrower. *Id*., at 11. Plaintiff's last payment on the note appears to have been |
| 19 | made in October 2010. *Id.*, at 3. |
| 20 | On May 5, 2011, before plaintiff filed this action, plaintiff sued CitiMortgage to, *inter* |
| 21 | *alia*, quite title in the property, alleging RESPA and TILA violations. *Moseley v. CitiMortgage* |
| 22 | *Inc.*, C11-5349RJB, 2011 WL 5175598 (W.D.Wash.2011) aff'd, 564 Fed. Appx. 300 (9th Cir. |
| 23 | 2014). This Court granted CitiMortgage's motion for a summary judgment, dismissing all |
| 24 | |

plaintiff's claims. On August 25, 2014, the U.S. Ninth Circuit Court of Appeals affirmed. *Moseley v. CitiMortgage Inc.*, 564 Fed. Appx. 300 (9th Cir. 2014).

On October 9, 2014, six weeks later, plaintiff filed the present action, which, in fact, arose in 2012. On February 16, 2012, plaintiff mailed CitiMortgage via certified mail a personal check for $283,839.00, the loan's payoff amount at the time. Dkt. 15. Plaintiff had written "EFT Only" and "FOR DISCHARGE of DEBT" on the check. *Id.*, at 36. On February 20, 2012, CitiMortgage refused plaintiff's payment, requiring certified funds instead. *Id.*, at 41. Instead of tendering any other payment to CitiMortgage, plaintiff filed the present action, alleging that the debt has been discharged to the extent of the payment's amount because CitiMortgage refused to accept plaintiff's payment.

## MOTION TO DISMISS STANDARD

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Under Fed. R. Civ. P. 12(d), if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. However, when a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *Cooper v. Bell,* 628 F.2d 1208, 1210 n. 2 (9th Cir.1980). Accordingly, the Court has confined itself to plaintiff's second amended complaint (Dkt. 15) and exhibits attached thereto. The Court has considered no other matters outside the pleadings, including the exhibits plaintiff attached to his response to defendant's motion to dismiss and, therefore, need not treat defendant's motion to dismiss as one for summary judgment.

## DISCUSSION

### A. Plaintiff's separate motions to strike statements contained in CitiMortgage's motion to dismiss and to deny CitiMortgage's motion to dismiss

Before plaintiff filed his response to CitiMortgage's motion to dismiss, plaintiff filed a motion to (a) strike some of CitiMortgage's statements contained in CitiMortgage's motion to dismiss under Fed. R. Civ. P 12(f); and (b) deny CitiMortgage's motion to dismiss. Dkt. 24. In response, CitiMortgage objects to plaintiff filing two responsive briefs. Dkt. 29.

Under LCR 7(g), "[r]equests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion." However, "[t]his rule does not limit a party's ability to file a motion to strike otherwise permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 12(f) motions to strike material in pleadings." LCR 7(g)(5). Under Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Here, in a separate motion to strike, plaintiff requests that the Court strike some of CitiMortgage's statements contained in CitiMortgage's motion to dismiss and that the Court deny CitiMortgage's motion to dismiss. None of the identified statements constitute any insufficient defenses or any redundant, immaterial, impertinent, or scandalous matter. Accordingly, the Court should deny plaintiff's separate motions.

**B. Plaintiff's claim relating to any discharge of debt**

In his complaint, plaintiff relies on the U.C.C. § 3-603, codified in Washington under RCW 62A.3-603, which states, in pertinent part, as follows:

> "If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates."

RCW 62A.3-603(b). Plaintiff's complaint asserts that "[b]ecause [CitiMortgage] refused the tender, there is discharge, to the extent of the amount of the tender." Dkt. 15, at 5.

CitiMortgage argues that plaintiff has failed to state any claim because, under the DOT, CitiMortgage may demand certified funds from a defaulted borrower. Dkt. 23.

In response, plaintiff concedes that CitiMortgage has the right to demand certified funds. Dkt. 27, at 10. Plaintiff argues, however, that he tried to pay CitiMortgage using certified funds, not a personal check. *Id.*, at 2. More specifically, plaintiff argues that the check in question "was ordered to be executed as an EFT (reverse wire transfer) which makes it 'certified funds'" and "ready for release" (*Id.*, at 3) and that, under the DOT, a wire transfer is an acceptable form of certified funds (*Id.*, at 8). Plaintiff further argues that he received no notice that a certain form of payment would be required. *Id.*, at 10.

In reply, CitiMortgage argues that plaintiff has failed to allege any facts plausibly showing that the check in question constituted certified funds. Dkt. 29.

1        Under Fed. R. Civ. P 12(b)(6), plaintiff has failed to state a claim for discharge of his
2   debt under the promissory note and the DOT. First, U.C.C. § 3-603, codified in Washington
3   under RCW 62A.3-603, does not apply to this case. Under this statute's official comment,
4   "refusal of a tender of payment discharges any indorser or accommodation party having a right
5   of recourse against the party making the tender." U.C.C. § 3-603, Comment. This statute relates
6   to the rights of indorsers or accommodation parties as these rights relate to the party making the
7   tender. Plaintiff, as the party making the tender, can have no right of recourse against himself. As
8   such, plaintiff is not an indorser or accommodation party within this statute's meaning.
9   Accordingly, this statute has no bearing on this case.
10       Second, even if RCW 62A.3-603 applies to this case, the parties have modified or
11  supplemented plaintiff's statutory obligation, if any, to pay the debt in question when they
12  executed the DOT, precluding any discharge of plaintiff's debt under these circumstances.
13  Specifically, under RCW 62A.3-117, "the obligation of a party to an instrument to pay the
14  instrument may be modified, supplemented, or nullified by a separate agreement of the obligor
15  and a person entitled to enforce the instrument, if the instrument is issued or the obligation is
16  incurred in reliance on the agreement or as part of the same transaction giving rise to the
17  agreement." *See also* U.C.C. § 3-117.
18       Here, under the DOT, CitiMortgage could have required that plaintiff pay off his debt
19  with cash, money order, certified check, bank check treasurer's check or cashier's check, or an
20  Electronic Funds Transfer. Dkt. 15, at 21-22. Although plaintiff argues that the check in question
21  was certified funds because plaintiff "ordered" it to be executed as an Electronic Funds Transfer,
22  an Electronic Funds Transfer, under the DOT, is "any transfer of funds, other than a transaction
23  originated by check, draft, or similar paper instrument..." *Id.*, at 12. Originated by check,
24

1  plaintiff's payment was not an Electronic Funds Transfer under the DOT. Nor was it a certified

2  funds payment. Finally, rules of statutory construction militate against plaintiff's interpretation

3  of the statute because any such interpretation would lead to an absurd result.

4      Accordingly, plaintiff has failed to properly pay his debt. The Court should conclude that

5  plaintiff has failed to state a claim under U.C.C. § 3-603 and its Washington counterpart.

6      **C. Plaintiff's FDCPA claim**

7      CitiMortgage argues that plaintiff has failed to state a claim under FDCPA because

8  CitiMortgage is not a debt collector within FDCPA's meaning. Dkt. 23. In response, plaintiff

9  insists that CitiMortgage is a debt collector because "[CitiMortgage's] own documentation states

10 they are attempting to collect a debt…" Dkt. 27, at 3.

11     This Court has already ruled that CitiMortgage is not a debt collector. *Moseley*, 2011 WL

12 5175598, at 4. Accordingly, plaintiff's FDCPA claim is without merit.

13     **D. Plaintiff's FCRA claim**

14     CitiMortgage argues that plaintiff has failed to identify any statute CitiMortgage

15 allegedly violated or why any of CitiMortgage's credit reporting was incorrect. Dkt. 23.

16     In response, plaintiff asserts claims under "RESPA, duties of a servicer codified as 12

17 U.S.C. §2605e(3)," and "FDCPA codified as 15 USC 1692." Dkt. 27, at 5. Plaintiff alleges that,

18 "while [CitiMortgage] repeatedly refused to response to [plaintiff's] questions, [CitiMortgage]

19 wasted no time furnishing the major credit companies with the undisputed credit reporting

20 delinquencies in question." *Id.*, at 4.

21     In reply, CitiMortgage argues that plaintiff's second amended complaint has failed to not

22 only specify any basis for alleging any adverse credit reporting claims, but also allege any facts

23

24

suggesting that CitiMortgage improperly reported any default to any credit reporting agency. Dkt. 29, at 7.

To the extent that plaintiff alleges a RESPA violation for CitiMortgage's alleged failure to respond to his requests, this Court has already concluded that plaintiff has failed to state any such claim. *Moseley*, 2011 WL 5175598, at *9. To the extent that plaintiff has asserted any FCRA claim, plaintiff has insufficiently pleaded such a claim. Plaintiff has failed to allege any facts suggesting that CitiMortgage improperly reported default to any credit reporting agency.

CONCLUSION

Plaintiff's complaint is without merit. The Court should dismiss plaintiff's complaint for failure to state any legally cognizable claim with no leave to amend. The Court should order that, if plaintiff files any documents in this case in the future, the Clerk will docket, but the Court will not act upon, any such documents. If plaintiff appeals this order and/or dismissal of this case, this Court should deny any *in forma pauperis* status without prejudice to plaintiff to file an application to proceed *in forma pauperis* with the U.S. Ninth Circuit Court of Appeals.

Therefore, it is hereby **ORDERED** that

Defendant's Motion to Dismiss (Dkt. 23) is **GRANTED**.

Plaintiff's Motion to Strike CMI's False Statements Contained in Its Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12 (f) and Deny CMI's Motion to Dismiss (Dkt. 24) is **DENIED**.

This case is **DISMISSED** with prejudice.

If plaintiff files any documents in this case in the future, the Clerk will docket, but the Court will not act upon, any such documents.

1     The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 to any party appearing *pro se* at said party's last known address.
3     Dated this 19th day of February, 2015.

                                                                     ROBERT J. BRYAN
                                                                     United States District Judge